

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 21 2017
ARTHUR JOHNSTON
BY

**LARRY D. CHRISTMAS, JR.,**

                                              **PLAINTIFF**

**VS.**                                **CAUSE NO. 3:15CV932-HTW-LRA**

**DG FOODS, LLC**

                                            **DEFENDANT**

### MOTION FOR RECONSIDERATION, OR, ALTERNATIVELY, FOR
### REVIEW OF MAGISTRATES [134] ORDER BY DISTRICT JUDGE

COMES NOW, Plaintiff, Larry D. Christmas, Jr., with and submits his motion requesting reconsideration of this Court's [134] ORDER[1], or for said ruling to be reviewed by a District Judge.

Plaintiff's reasons for such requests are stated as follows:

District Court has improperly found that "The Court has already ruled that Defendant's motion to dismiss was properly filed and that its responses to discovery were timely". See, Doc. No(s). [95] and [134]. District Court has misapplied facts in this matter. Christmas's [112] *motion requesting sanctions* did not request sanctions as a result of Defendant's previous request for dismiss in lieu of Court's ORDER to provide disclosures. Christmas affirms that Defendant has additionally failed to provide and produce Discovery items in lieu of this Court's more recent [95 & 96] ORDERS.

---

1 Copy of [134] Order Attached (2-pages).

In the above stated orders, District Court improperly held that "Defendant has not responded to Plaintiff's discovery because it filed a Motion to Dismiss [75] on February 2, 2017. It timely requested a stay of its duties to respond to the discovery." Doc. No. 96.

Plaintiff argues that this Court has mis-construed the Defendant's [75] request for dismissal as a "timely requested stay of its duties to respond to the discovery." Doc. No. 96.

Plaintiff further argues that such construing of Defendant's [75] motion is in-fact disfavorable and prejudicial to Plaintiff. More importantly, Defendant – to date – has still failed to produce Discovery to Plaintiff in lieu of this Court's [96] ORDER rendered on March 28, 2017.

Plaintiff hereby objects to court's finding that he has requested "requested unspecified sanctions..." Doc. No. 134. Ironically, District Court has also found that [P]laintiff did make specific requests regarding why the responses were "inadequate." This is quite confusing as the Court contrarily stated in prior sentence that "it is difficult to determine precisely what additional information Plaintiff claims that he needs." Doc. No. 134.

Court followed up by stating that "Defendant has agreed to supplement its responses"; however, said supplementation have yet been made upon Plaintiff.

It is now confusing as it is difficult to determine how t magistrate has deemed Plaintiff's requests. Plaintiff's docket entry number [113] clearly identifies the specific discovery items either partially, elusively, or not answered at all by Defendant. *See*, Doc. No. 113, Pp. 6-9.

Discovery has closed and Defendant has made zero attempts to provide such supplementations to its deficient discovery responses and productions. "Despite Court's [96] ORDER, Defendant has failed to produce Discovery requests and continues to elude providing responses to Plaintiff". Doc. No. 113.

2

Magistrate stated that "Plaintiff shall confer in good faith with defense counsel prior to filing additional discovery motions, as required by the rules of the Court." Doc. No. 134, p. 2. Plaintiff objects to such finding as Plaintiff has conferred with Defendant in compliance to both the federal and local rules governing this jurisdiction. In support of Plaintiff's position, Plaintiff relies upon document [112-1] which is referenced as **Exhibit A**. *See*, Doc. No. 112-1. This document was also accompanied by a '*Good Faith Certificate*' which was contemporaneously filed with Plaintiff's [112] motion requesting sanctions. **Exhibit A** clearly depicts that Plaintiff made an attempt in good-faith to confer with Defendant regarding Defendant's illusive and insufficient discovery responses. **Exhibit A** [112-1] specifically identified what was requested of Defendant.

Plaintiff further holds that it is unnecessary to warn or advise a party to confer if said party has been in compliance. Magistrate's ruling indicates and support that magistrate may have not been aware of the facts and details surrounding these issues.

"Now even when again ordered by the Court to produce discovery responses, the Defendant is evasive and again making its attempt to slip through the cracks *without disclosing* records as requested by Plaintiff in this case. Defendant shall not be afforded the privilege of determine which requests are to be disclosed. This is not an instance of picking and choosing your opponent's arsenal. Christmas is entitled to disclosures and Defendant shall be compelled to provide disclosures, responses, and discovery productions immediately. As defendant has

been compelled and grossly failed[2] to produce discovery items, Christmas now requests of the Court impose sanctions[3] against Defendant as appropriated by law." Doc. No. 113.

Plaintiff argues that magistrates findings and instructions are inconsistent with the facts of these proceedings. Court's [134] shall be rescinded in light of the facts as presented in Plaintiff's [113] Memorandum In support of 112 MOTION. As documented in Plaintiff's [113] memorandum, this Court's [134] order supports a misapplication of law. Plaintiff holds that this Court's [134] ruling contains both misapplications of facts as well as misapplications of law. District Court's failure to consider sanctions could result in an *abuse of discretion*. As of consequence, said magistrate ruling shall be reviewed or reconsidered by a District Judge. Said misapplication(s) has and will continue to harm Plaintiff if such err is not corrected.

In light of the facts as stated herein and in referenced documents, Plaintiff, Larry D. Christmas, Jr., respectfully requests that this Court reconsider the [134] order, or, alternatively review magistrates ruling by a District Judge.

**RESPECTFULLY SUBMITTED**[4], this the ~~15~~ 18th day of August, 2017.

*Larry D. Christmas*

Larry D. Christmas, Jr.
121 Autumn Street
Hazlehurst, MS 39083
(504) 261-6590

---

2 *See*, <u>Parsi v. Daioleslam</u>, 778 F.3d 116 (D.C. Cir. 2015); <u>Carr v. State Farm Mut. Auto. Ins.</u>, 312 F.R.D. 459 (N.D. Tex. 2015); <u>Rhone v. Schneider Nat'l Carriers, Inc.</u>, 2016 U.S. Dist. LEXIS 53346 (E.D. Mo. Apr. 21, 2016); and <u>Labrier v. State Farm Fire & Cas. Co.</u>, 2016 U.S. Dist. LEXIS 61246 (W.D. Mo. May 9, 2016).

3 *See*, <u>Boxer F2, L.P. v. Flamingo W., Ltd.</u>, No. 14-CV-00317, 2015 WL 2106101 (D. Colo. May 4, 2015); <u>Logtale, Ltd. v. IKOR, Inc.</u>, No. C-11-5452, 2015 WL 581513 (N.D. Cal. Feb. 11, 2015); <u>Bourgeois v. El Paso Natural Gas Co.</u>, 20 F.R.D. 358 (S.D.N.Y. 1957); & <u>Loosley v. Stone</u>, 15 F.R.D. 373 (S.D.Ill. 1954).
4 *See*, Fed. R. Civ. P. 6(d).

4

larrychristmas@live.com

## CERTIFICATE OF SERVICE

I, Larry D. Christmas, Jr., Plaintiff, do hereby certify that I have this day mailed for filing

the foregoing with the Clerk of this Court and I have mailed a true and correct copy of such

filing to the following:

**Bart Sisk (PHV)**

**Brent E. Siler (#22289)**

**Butler Snow LLP**

**6075 Poplar Avenue, Suite 500**

**Post Office Box 171443**

**Memphis, TN 38119**

This the 15th day of August, 2017.

Larry D. Christmas, Jr.
Plaintiff

5