IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARRY D. CHRISTMAS, JR.
acting *Pro Se*,                                                                                        PLAINTIFF

v.                                                          CIVIL ACTION NO.: 3:15-CV-932-HTW-LRA

DG FOODS, LLC.                                                                                     DEFENDANT

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

BEFORE THIS COURT is the defendant's Motion for Summary Judgment **[Docket no. 121]**. On January 3, 2018, the court scheduled a hearing on all outstanding motions. The court received an email from the plaintiff on the afternoon of January 2, 2017, containing a purported motion to continue the hearing set for the morning of January 3, 2018, which this court did not grant. Attorney for the defendant, Brent Siler, arrived for the hearing on time after having driven to Jackson, Mississippi from Memphis, Tennessee, a trip of approximately three (3) hours. The *pro se* plaintiff, Larry D. Christmas Jr. (hereinafter referred to as "Christmas"), did not arrive for the hearing, nor did he contact the court. The court's staff attempted to contact the plaintiff to inquire as to his whereabouts by telephonic communication using his phone number listed as part of the court record, but to no avail.

Christmas has a long history of disobeying the orders of both this court, and the orders of United States Magistrate Judge Linda A. Anderson, assigned to this case. This court has cautioned Christmas on multiple occasions that this court can dismiss his lawsuit if Christmas fails to comply with the orders of this court, the Federal Rules of Civil Procedure, and the local rules. *See* [Docket nos. 10, 50, 68, 95, and 111].

The court discussed the motion to continue with Mr. Siler who informed the court that he had no objection to a continuance: and that Mr. Siler had so informed Christmas days or weeks before Christmas ultimately sent an email to the court on the afternoon before today's scheduled hearing. Mr. Siler did not know why Christmas had waited so late to request a continuance. The court notes that Christmas did not file his purported motion to continue on the court record, but rather, sent an email to the court chambers.

At the last hearing on the defendant's Motion for Summary Judgment **[Docket no. 121]** held on October 16, 2017, the court ordered Christmas to reduce his response to the defendant' motion for summary judgment to come in compliance with L.U.Civ.R. 7(b)(5) which provides: "Length and Form of Memorandum Briefs. Movant's original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages, and respondent's memorandum brief may not exceed thirty-five pages."

This court also issued a text only order on November 7, 2017, which stated:

> The parties have briefed and argued the outstanding motions in this lawsuit extensively and this court intends to issue its opinion in the coming weeks. The plaintiff was cautioned that the exhibits containing legal arguments that he attached to his reply to the motion for summary judgment exceeded the page limits of Local Rule 7.5. The plaintiff is hereby ordered to reduce all the arguments contained within his memorandum brief in opposition and the exhibits attached thereto containing legal argument to the maximum allowed under Local Rule 7.5. The court will not accept any brief over thirty-five (35) pages. The plaintiff is directed to file his updated brief no later than Friday, November 17, 2017.

[Text Only Order 11/7/2017]. Christmas filed a Motion for Enlargement of Time to comply with this court's text only order dated November 7, 2017, on November 20, 2017 – three (3) days after this court ordered Christmas to file his amended response. Christmas has failed to follow the order of this court again; he has yet to file an amended memorandum brief in compliance with L.U.Civ.R. 7(b)(5).

As noted above, this court has repeatedly cautioned Christmas that a failure to follow the rules of court and this court's order may result in a dismissal of his lawsuit. Rule 41 of the Federal Rules of Civil Procedure provide:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41. *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 62, 111 S. Ct. 2123, 2142, 115 L. Ed. 2d 27 (1991).

The Fifth Circuit Court of Appeals has stated that it "ordinarily will affirm a dismissal with prejudice only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011.) The Fifth Circuit Court of Appeals has affirmed the dismissal of cases that have involved the presence of one or more of three "aggravating factors": (1) the delay or failure to comply is attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) the delay or failure to comply is caused by intentional conduct. *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985).

Contumacious conduct, as explained by the Fifth Circuit Court of Appeals is shown by a lack of respect for the Court or the Rules governing the judicial process and procedure. *McNeal v. Papasan*, 842 F.2d 787 (5th Cir. 1988) ("[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is "the stubborn resistance to authority" which justifies a dismissal with prejudice.").

This court is persuaded that Christmas has shown a clear pattern of contumacious conduct and a stubborn resistance to this court's authority; nevertheless, this court will provide Christmas a short period of time with which to provide this court good cause why this lawsuit should not be dismissed with prejudice and good cause why this court should reopen his lawsuit.

IT IS, THEREFORE, ORDERED that the complaint in this lawsuit is hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Christmas may ask this court to reopen this lawsuit within five (5) days if he shows good cause to this court: why he failed to attend a hearing on the Motion for Summary Judgment **[Docket no. 121]**; and why he failed to follow this court's order to come into compliance with L.U.Civ.R. 7(b)(5).

IT IS FURTHER ORDERED that, if Christmas fails to show this court good cause why he failed to appear and failed to follow this court's order, then this case will be DISMISSED WITH PREJUDICE.

IT IS FINALLY ORDERED that the defendant is hereby awarded his costs (round-trip travel and meal) for appearing in court on January 3, 2017, upon filing of a bill of costs for said date.

**SO ORDERED AND ADJUDGED this the 4th day of January, 2018.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**