IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY D. CHRISTMAS, JR.**                                                                         **PLAINTIFF**
*Acting pro se*

vs.                                             CIVIL ACTION No.: 3:15-CV-932-HTW-LRA

**DG FOODS, LLC**                                                                                  **DEFENDANT**

## ORDER REGARDING ALL OUTSTANDING MOTIONS

BEFORE THIS COURT are the following motions all filed by the plaintiff who is acting *pro se*: Motion to Continue **[Docket no. 146]**; Motion for Leave to Appeal *In Forma Pauperis* **[Docket no. 152]**; and Motion to Reconsider, Alter or Amend Order Granting Dismissal Without Prejudice **[Docket no. 153]**.

**I.      MOTION TO CONTINUE [DOCKET NO. 146]**

**II.     MOTION TO RECONSIDER, ALTER OR AMEND ORDER GRANTING DISMISSAL WITHOUT PREJUDICE [DOCKET NO. 153]**

Plaintiff herein is Larry D. Christmas Jr., acting *pro se*. A *pro se* litigant "must comply with statutory obligations and abide by the rules of this Court." *Legget v. PSS World Med., Inc.*, No. L-07-63, 2009 U.S. Dist. LEXIS 15937, at *12 (S.D. Tex. Mar. 2, 2009) (Citing *Castro Romero v. Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). The United States Supreme Court specifically cautioned *pro se* litigants that:

> District judges have no obligation to act as counsel or paralegal to pro se litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of

1

course." *See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000)

*Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004)

Plaintiff is not a stranger to litigation in the Southern District of Mississippi, he has filed four (4) *pro se* lawsuits: *Christmas v. Polk's Meat Products* 3:05-cv-512-HTW-LRA; *Christmas v. Huntington Ingalls Incorporated* 1:10-cv-446-LG-RHW; *Christmas v. City of Gulfport Fire Dept.* 1:15-cv-412-LG-RHW; and the instant lawsuit. Plaintiff has: filed late; blamed defendant and the court for plaintiff's own conduct; and generally delayed this lawsuit on multiple occasions.

This court dismissed the instant lawsuit without prejudice for plaintiff's failure to appear at the January 3, 2018 hearing and for failure to obey the order of this court and the local rules. This court allowed plaintiff to file a response to the order dismissing this lawsuit showing good cause why this court should reopen the lawsuit *sub judice*. As discussed below, plaintiff has failed to do so.

Notwithstanding the above considerations of the obligations of *pro se* plaintiffs and this *pro se* plaintiff's conduct in other cases, this court is going to GRANT plaintiff's motion to reconsider. This court would like to hear personally from plaintiff why he did not comply with the court's orders and rules and why he asserts he is entitled to any relief in this civil action. Accordingly, this court hereby sets the date of May 22, 2018 at 10:00 a.m. for a hearing in this cause. Should plaintiff not appear, this court will dismiss this action.

### III.   MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* [DOCKET NO. 152]

In view of the above holding, and the granting of the plaintiff's motion for reconsideration, this court is persuaded that the plaintiff's Motion for Leave to Appeal *In Forma Pauperis* **[Docket no. 152]** is **MOOT** and thus **DENIED**.

### IV.     CONCLUSION

IT IS, THEREFORE, ORDERED that *pro se* plaintiff's Motion to Continue **[Docket no. 146]** is hereby **GRANTED**.

IT IS FURTHER ORDERED that *pro se* plaintiff's Motion for Leave to Appeal *In Forma Pauperis* **[Docket no. 152]** is hereby **DENIED as MOOT**.

IT IS FURTHER ORDERED that *pro se* plaintiff's Motion to Reconsider, Alter or Amend Order Granting Dismissal Without Prejudice **[Docket no. 153]** is hereby **GRANTED** and this cause is set for hearing on May 22, 2018, at 10:00 a.m..

IT IS FINALLY ORDERED that Attorney Brent Siler, as he must travel from Memphis, Tennessee, and has done so for several hearings in this matter, may attend via teleconference if he wishes. Attorney Siler must contact the acting courtroom deputy to make arrangements if he plans on attending via teleconference.

**SO ORDERED AND ADJUDGED this the 8th day of May, 2018.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**