IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARRY D. CHRISTMAS, JR.                                              PLAINTIFF

vs.                                            CIVIL ACTION No.: 3:15-CV-932-HTW-LRA

D.G. FOODS, LLC                                                      DEFENDANT

### ORDER

BEFORE THIS COURT are the following post-judgment motions: plaintiff's Motion to Appeal *In Forma Pauperis* **[Docket no. 176]**; and plaintiff's Motion for Transcript at Government's Expense **[Docket no. 177]**. This court has reviewed the motions of the plaintiff and, for the reasons following, denies all post-judgment motions of the plaintiff.

**I.    *PRO SE* PLAINTIFF**

Plaintiff herein is Larry D. Christmas Jr., acting *pro se*[1]. A *pro se* litigant "must comply with statutory obligations and abide by the rules of this Court." *Legget v. PSS World Med., Inc.*, No. L-07-63, 2009 U.S. Dist. LEXIS 15937, at *12 (S.D. Tex. Mar. 2, 2009) (Citing *Castro Romero v. Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).

The United States Supreme Court specifically cautioned *pro se* litigants that:

> District judges have no obligation to act as counsel or paralegal to *pro se* litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 162, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000)

---

[1] *pro se* n. (1857): One who represents oneself in a court proceeding without the assistance of a lawyer <the third case on the court's docket involving a *pro se*>. — Also termed pro per; self-represented litigant; (rarely) *pro se*-er.
PRO SE, Black's Law Dictionary (11th ed. 2019)

*Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004).

> "A document filed *pro se* is 'to be liberally construed,' *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ('All pleadings shall be so construed as to do substantial justice')."

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

## II. PROCEDURAL HISTORY

Throughout the three-and-a-half-year history of this case, plaintiff has repeatedly failed to attend hearings set by this court and has engaged in other conduct prohibited by the Federal Rules of Civil Procedure. For example, in its June 1, 2016 Order to Show Cause [Docket no. 10], this court ordered that the plaintiff must show cause why his case should not be dismissed because he failed to attend a telephonic scheduling conference. On January 5, 2018, this court dismissed Plaintiff's case without prejudice because he again failed to show up for a hearing set for January 3, 2018. [Docket no. 145]. As this court noted in its Order, plaintiff had requested a continuance close to the date set for a hearing. Despite this court not issuing a ruling, either orally or in writing, either granting or denying his motion, plaintiff did not appear for the hearing. Defendant's counsel had traveled from Memphis, Tennessee to Jackson, Mississippi to attend the hearing. This court also noted in its Order that plaintiff "has shown a clear pattern of contumacious conduct and a stubborn resistance to this court's authority."

This court ultimately showed its largess to plaintiff when it reopened plaintiff's lawsuit. [Docket no. 155]. Plaintiff appeared at a June 15, 2018 show cause hearing. [Docket no. 161]. At that show cause hearing, this court explained to plaintiff that he was responsible for filing a motion to continue and further explained to Plaintiff that "he must appear unless the Court grants a continuance." This court then set a hearing on Defendant's summary judgment motion for August 3, 2018.

2

On August 1, 2018, Plaintiff filed a motion for continuance, which this court did not address before the hearing. [Docket no. 159]. Plaintiff again failed to appear for the August 3, 2018 hearing. Defendant's counsel had once again traveled from Memphis, Tennessee to Jackson, Mississippi to attend the hearing.

This court again ordered plaintiff to appear on January 18, 2019 to explain to the court why he had once again failed to appear for the August 3, 2018 hearing. This court also awarded Defendant's counsel his fees and costs for appearing on August 3, 2018.

Plaintiff filed a motion for continuance on January 17, 2019 [Docket no. 163], one day before the scheduled hearing, and then did not appear at the January 18, 2019 hearing. This court, dismayed with the continuing and serial disrespect that plaintiff has shown the orders that it had issued, dismissed plaintiff's claims with prejudice in its April 15, 2019 Order. [Docket no. 165].

### III. MOTION TO APPEAL *IN FORMA PAUPERIS* [Docket no. 176]

Plaintiff, by his motion, asks this court to allow him proceed on appeal *in forma pauperis* under the authority of Title 28 U.S.C. § 1915[2] and Rule 24[3] of the Federal Rules of Appellate

---

[2] (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

    (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

    (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

    […]

28 U.S.C.A. § 1915 (West)

[3] (a) Leave to Proceed In Forma Pauperis.

    (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

Procedure. Plaintiff has filed his Affidavit Accompanying Motion for Leave to Proceed *In Forma Pauperis* as support for his motion.

This court has reviewed plaintiff's submissions, the record before the court, and the relevant jurisprudence and finds that plaintiff's motion is not well-taken. The clear language of the statute allows this court to deny such where it finds that the appeal sought by the *pro se* party is frivolous. This court so finds because plaintiff's actions clearly indicate a pattern of contemptuous behavior and patent disregard for this court's orders. Accordingly, plaintiff's motion must be denied.

---

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

(B) a statute provides otherwise.

(4) Notice of District Court's Denial. The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:

(A) denies a motion to proceed on appeal in forma pauperis;

(B) certifies that the appeal is not taken in good faith; or

(C) finds that the party is not otherwise entitled to proceed in forma pauperis.

(5) Motion in the Court of Appeals. A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. R. App. P. 24

## IV. MOTION FOR TRANSCRIPT AT GOVERNMENT'S EXPENSE [Docket no. 177]

Plaintiff's next request is for a copy of any transcripts at the government's expense. Such request is, and must be, predicated upon this court granting *in forma pauperis* status. This court has already determined that plaintiff shall not be granted such and finds plaintiff's motion for copies at the expense of the government to be similarly devoid of merit. Accordingly, this court must deny his motion.

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED plaintiff's Motion to Appeal *In Forma Pauperis* [Docket no. 176] is hereby DENIED.**

**IT IS FURTHER ORDERED plaintiff's Motion for Transcript at Government's Expense [Docket no. 177] is hereby DENIED.**

**SO ORDERED AND ADJUDGED this the 6th day of December, 2019.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**