IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY D. CHRISTMAS, JR.**                                                            **PLAINTIFF**

vs.                                                       **CIVIL ACTION No.: 3:15-CV-932-HTW-LRA**

**D.G. FOODS, LLC**                                                                     **DEFENDANT**

**ORDER**

BEFORE THIS COURT are the following post-judgment motions: plaintiff's Motion to Issue Overdue Orders **[Docket no. 166]**; and plaintiff's Motion to Reconsider **[Docket no. 170]**. This court has reviewed the motions of the plaintiff and, for the reasons following, denies all post-judgment motions of the plaintiff.

**I.    *PRO SE* PLAINTIFF**

Plaintiff herein is Larry D. Christmas Jr., acting *pro se*[1]. A *pro se* litigant "must comply with statutory obligations and abide by the rules of this Court." *Legget v. PSS World Med., Inc.*, No. L-07-63, 2009 U.S. Dist. LEXIS 15937, at *12 (S.D. Tex. Mar. 2, 2009) (Citing *Castro Romero v. Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).

The United States Supreme Court specifically cautioned *pro se* litigants that:

> District judges have no obligation to act as counsel or paralegal to *pro se* litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 162, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000)

---

[1] *pro se* n. (1857): One who represents oneself in a court proceeding without the assistance of a lawyer <the third case on the court's docket involving a *pro se*>. — Also termed pro per; self-represented litigant; (rarely) *pro se*-er.
PRO SE, Black's Law Dictionary (11th ed. 2019)

1

*Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004).

> "A document filed *pro se* is 'to be liberally construed,' *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ('All pleadings shall be so construed as to do substantial justice')."

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

## II. PROCEDURAL HISTORY

Throughout the three-and-a-half-year history of this case, plaintiff has repeatedly failed to attend hearings set by this court and has engaged in other conduct prohibited by the Federal Rules of Civil Procedure. For example, in its June 1, 2016 Order to Show Cause [Docket no. 10], this court ordered that the plaintiff must show cause why his case should not be dismissed because he failed to attend a telephonic scheduling conference. On January 5, 2018, this court dismissed Plaintiff's case without prejudice because he again failed to show up for a hearing set for January 3, 2018. [Docket no. 145]. As this court noted in its Order, plaintiff had requested a continuance close to the date set for a hearing. Despite this court not issuing a ruling, either orally or in writing, either granting or denying his motion, plaintiff did not appear for the hearing. Defendant's counsel had traveled from Memphis, Tennessee to Jackson, Mississippi to attend the hearing. This court also noted in its Order that plaintiff "has shown a clear pattern of contumacious conduct and a stubborn resistance to this court's authority."

This court ultimately showed its largess to plaintiff when it reopened plaintiff's lawsuit. [Docket no. 155]. Plaintiff appeared at a June 15, 2018 show cause hearing. [Docket no. 161]. At that show cause hearing, this court explained to plaintiff that he was responsible for filing a motion to continue and further explained to Plaintiff that "he must appear unless the Court grants a continuance." This court then set a hearing on Defendant's summary judgment motion for August 3, 2018.

2

On August 1, 2018, Plaintiff filed a motion for continuance, which this court did not address before the hearing. [Docket no. 159]. Plaintiff again failed to appear for the August 3, 2018 hearing. Defendant's counsel had once again traveled from Memphis, Tennessee to Jackson, Mississippi to attend the hearing.

This court again ordered plaintiff to appear on January 18, 2019 to explain to the court why he had once again failed to appear for the August 3, 2018 hearing. This court also awarded Defendant's counsel his fees and costs for appearing on August 3, 2018.

Plaintiff filed a motion for continuance on January 17, 2019 [Docket no. 163], one day before the scheduled hearing, and then did not appear at the January 18, 2019 hearing. This court, dismayed with the continuing and serial disrespect that plaintiff has shown the orders issued by this court, dismissed plaintiff's claims with prejudice in its April 15, 2019 Order. [Docket no. 165].

### III. MOTION TO ISSUE OVERDUE ORDERS [Docket no. 166]

Plaintiff's first motion, his motion to issue overdue orders **[Docket no. 166]**, appears to be a motion to reconsider this court's order dismissing his lawsuit with prejudice. By his motion, plaintiff asks this court to re-open this lawsuit and allow the parties to conduct settlement negotiations. Plaintiff cites no authority for this court to consider.

Plaintiff asserts that this court has made various mistakes and issued incorrect orders. Plaintiff is again trying to lay the blame for his failures to attend various hearings at the feet of the court, not himself.

Plaintiff is required to follow the orders of this court, while this court is not required to obey his wishes. Plaintiff has been cautioned on many different occasions that the filing of a motion to continue does not obviate his requirement to attend the hearing he is seeking to continue. Only an order, issued by the court, granting the requested continuance excuses the absence of a

party. This court issued no such orders on the occasions that plaintiff failed to appear. Accordingly, this court, after multiple failures to appear, dismissed plaintiff's lawsuit with prejudice.

This court is not prepared, and will not allow, plaintiff to continue wasting the court's time nor the defendant's money pursuing this lawsuit. Plaintiff is cautioned that further filings in this lawsuit alleging the same unsupported factual allegations against the court and the defendant will result in sanctions by the court against him. This court has already considered the facts and law cited by plaintiff and finds no merit in such. Accordingly, plaintiff's motion must be denied.

### IV. MOTION TO RECONSIDER, ALTER, AMEND, VACATE ORDER [165] [Docket no. 170]

Plaintiff next asks this court to reconsider its order dismissing his lawsuit with prejudice [Docket no. 165]. Plaintiff cites Rule 52(b)[2], Rule 6(d)[3], Rule 59(e)[4] and Rule 60(a) and (b)[5] of the

---

[2] (b) Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.
Fed. R. Civ. P. 52

[3] (d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).
Fed. R. Civ. P. 6

[4] (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.
Fed. R. Civ. P. 59

[5] (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

Federal Rules of Civil Procedure. Plaintiff provides no authority to support his position that this court's prior ruling was in error; instead, plaintiff offers "facts" which this court has already considered and found wanting.

> Fifth Circuit precedent provides guidance on motions to reconsider:
>
> [Under] the Federal Rules of Civil Procedure, "[t]he court ... recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990)(citing *NRDC v. EPA*, 705 F.Supp. 698, 702 (D.D.C.1989), vacated on other grounds by 707 F.Supp. 3 (D.D.C.1989)). See also *Russ v. International Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991), cert. denied, 503 U.S. 987, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992); *F.D.I.C. v. Cage*, 810 F.Supp. 745, 747 (S.D.Miss.1993). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the three grounds for such a motion. *Atkins*, 130 F.R.D. at 626, n. 1. "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id*. (citing *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977)).

*Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000).

Plaintiff has not provided this court with any new authority, newly discovered facts, nor evidence of a manifest injustice. This court finds that plaintiff's sole concern is his dissatisfaction with this court's dismissal of his lawsuit due to his own contemptuous behavior. This court cannot, and will not, allow plaintiff to further waste the court's time and the defendant's money in litigating this matter. Accordingly, this court must deny plaintiff's motions.

### V. SANCTIONS

This court has warned plaintiff before about refiling the same arguments, authorities (or lack thereof), and "factual" basis while asking for this court to review its previous decisions.

> [A] district court may require an indigent litigant to pay a monetary sanction imposed in a previous action before filing a new one. *Gelabert v. Lynaugh*, 894

---

(6) any other reason that justifies relief.
Fed. R. Civ. P. 60

> F.2d 746, 747-48 (5th Cir.1990) (finding district court did not abuse its discretion in requiring litigant, before proceeding, to pay $10 sanction imposed in earlier case); *Moody v. Miller*, 864 F.2d 1178, 1179 n. 2 (5th Cir.1989) (noting Fifth Circuit's decision to prohibit frivolous litigant "from prosecuting any more [*in forma pauperis*] appeals, absent certification of his good faith by the district court, until he paid the sanctions [totaling $980] in six of these cases").

*Dominguez v. Scott*, 265 F.3d 1058 (5th Cir. 2001)

This court has already granted attorney fees to defendant for plaintiff's contemptuous conduct. This court now imposes a further sanction in accordance with Fifth Circuit precedent. Plaintiff is hereby barred from filing any further lawsuits in the United States District Court for the Southern District of Mississippi until he satisfies the court's previous awards to defendant's counsel for attorney fees. This court finds that this is the least onerous sanction that it can now impose on plaintiff. If plaintiff continues to file frivolous motions with this court, then appropriate further sanctions will be entered against plaintiff.

## VI. CONCLUSION

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Issue Overdue Orders [Docket no. 166] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Reconsider [Docket no. 170] **is hereby DENIED.**

**IT IS FINALLY ORDERED that plaintiff is hereby barred from filing further suit in the United States District Court for the Southern District of Mississippi until such time as both previous attorney fee awards are satisfied in full.**

**SO ORDERED AND ADJUDGED this the 19th day of December, 2019.**

                                  **s/ HENRY T. WINGATE**
                                  **UNITED STATES DISTRICT COURT JUDGE**